# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JIMMIE McNAIR  *

   Petitioner  *

      v  *  Civil Action No. DKC-13-2659

BOP, et al.,  *

   Respondents  *

   ***

## MEMORANDUM OPINION

On September 20, 2013, this court ordered Petitioner to supplement the above-captioned Petition and to either pay the full $5 filing fee or file a Motion to Proceed in Forma Pauperis. ECF No. 3. Petitioner was warned that failure to file the information required would result in dismissal of the complaint. The court is in receipt of Petitioner's Motion for Leave to Proceed in Forma Pauperis (ECF No. 5) which shall be granted.

Additionally, Petitioner has filed a "Motion Pursuant Writ of Mandamus," "Motion Pursuant Title 42 U.S.C. 1985(3)" and a "Motion to Amend and Supplement." ECF Nos. 5-7. The Motions shall be denied and the Petition dismissed, as the additional filings do nothing to clarify Petitioner's claims or demonstrate compliance with the court's September 20, 2013 Order.

Given Petitioner's failure to properly supplement his Petition, it is impossible to decipher the precise nature of Petitioner's claim. It appears that Petitioner was convicted of unspecified crimes in the Superior Court of the District of Columbia. To the extent he is seeking habeas relief and claims his constitutional rights were violated during those criminal proceedings, this court is not the proper venue for advancing those claims, which are properly brought in the District of Columbia.

A petition for a writ of habeas corpus under 28 U.S.C § 2241, however, attacks the manner or execution of a sentence. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Petitioner appears to be incarcerated in the District of Columbia and as such this court is not the proper venue for bringing his claim.

To the extent Petitioner alleges that his conditions of confinement are unconstitutional, under the civil rights statue, 42 U.S.C. § 1983, this court is not the proper venue for advancing such claims. Under 28 U.S.C. § 1391(b), a civil action that is **not** founded on diversity of citizenship may be brought **only** in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law. The address Petitioner has provided is in the District of Columbia, and his claims must be addressed in that jurisdiction.

To the extent Petitioner seeks to sue his criminal defense attorneys under the civil rights statute, his claim may not proceed. Again, Petitioner seems to complain of a criminal case adjudicated outside this district. Thus, this court is not the proper court to consider these claims.[1]

Construed as a Petition for Mandamus relief, the matter is also subject to dismissal. Under 28 U.S.C. §1361, the district courts have original jurisdiction of any action in the nature of

---

[1] Moreover, two elements are essential to sustain an action under 42 U. S. C. § 1983. Specifically, one must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Petitioner's court appointed attorneys were acting under color of law these claims are subject to dismissal. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State.)

mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the petitioner. In order to meet the requirements for mandamus relief, Petitioner must show that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[2] *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

Petitioner has failed to meet the above established criteria. Petitioner raises concerns about the conduct of his criminal trial. If Petitioner is aggrieved of any decision rendered in his criminal case he is free to file an appeal and/or post- conviction proceedings in the appropriate forum, therefore mandamus relief is not appropriate. *See United States v. Sosa,* 364 F.3d 507, 511 (4th Cir. 2004); *In re United Steelworkers of Am.*, 595 F.2d 958, 960 (4th Cir. 1979). As Petitioner has made no showing in the instant action which warrants the granting of extraordinary relief, his Petition for Writ of Mandamus shall be denied.

A separate order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).